(Official Form 1)(12/03)

| FORM B1 | UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS CHICAGO DIVISION (EASTERN) | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First Middle): **Thigpen, Diane** | Name of Joint Debtor (Spouse)  (if individual, enter Last, First Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No (if more than one, state all): **xxx-xx-9154** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, State and Zip Code): **4744 1/2 S. Woodlawn Chicago, IL 60615** | Street Address of Joint Debtor (No. and Street, City, State and Zip Code): |
| County of Residence or of the Principal Place of Business: **Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): **4744 1/2 S. Woodlawn Chicago, IL 60615** | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue**   (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor**  (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed**   (Check one box) |
|---|---|---|
| ☑ Individual(s) | ☐ Railroad | ☐ Chapter 7      ☐ Chapter 11      ☑ Chapter 13 |
| ☐ Corporation | ☐ Stockbroker | ☐ Chapter 9      ☐ Chapter 12 |
| ☐ Partnership | ☐ Commodity Broker | ☐ Section 304 - Case ancillary to foreign proceeding |
| ☐ Other_____ | ☐ Clearing Bank | |

| **Nature of Debts**   (Check one box) | **Filing Fee**   (Check one box) |
|---|---|
| ☑ Consumer/Non-Business      ☐ Business | ☑ Full Filing Fee attached |
| **Chapter 11 Small Business**   (Check all boxes that apply) | ☐ Filing Fee to be paid in installments (Applicable to individuals only) |
| ☐ Debtor is a small business as defined by 11 U.S.C. Sec. 101. | Must attach signed application for the court's consideration |
| ☐ Debtor is & elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | certifying that the debtor is unable to pay fee except in installments. Rule 1006(b).  See Official Form 3. |

**Statistical/Administrative Information**      (Estimates only)

☑ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that, after any exempt property is excluded and administrative expenses are paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-Over |
|---|---|---|---|---|---|---|
| | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | | | | | | |
|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | 1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | | | | | | |
|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | 1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |

(Official Form 1)(12/03)                                                                                    FORM B1, Page 2

## Voluntary Petition (page 2)
*(This page must be completed and filed in every case)*

Name of Debtor(s):  **Diane Thigpen**

### Prior Bankruptcy Case(s) Filed Within Last 6 Years  (If more than two, attach additional sheet)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| **Chicago; Chapter 13 Dismissed** | **02-22877** | **6/12/2002** |
| Location Where Filed: | Case Number: | Date Filed: |
| **Chicago; Chapter 13 Dismissed** | **01-38509** | **11/2/2001** |

### Pending Bankruptcy Case(s) Filed by any Spouse, Partner or Affiliate of this Debtor  (If more than one, attach additional sheet)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| **None** | | |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7]  I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Diane Thigpen**
   **Diane Thigpen**

X _____

Telephone Number (If not represented by an attorney)

**10/12/2005**
Date

### Signature of Attorney

X **/s/ Robert J. Adams**
   **Robert J. Adams**          Bar No. **0013056**

**Robert J. Adams & Associates**
**125 S. Clark, Suite 1810**
**Chicago, Illinois 60603**

Phone No.**(312) 346-0100**     Fax No.**(312) 346-6228**

**10/12/2005**
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

**10/12/2005**
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐   Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)  I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner named in the foregoing petition that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X **/s/ Robert J. Adams**                         10/12/2005
   **Robert J. Adams**                              Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.
☑   No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both (11 U.S.C. § 110; 18 U.S.C. § 156).

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2005 (Build 7.0.0.7, ID 3262569451)*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Diane Thigpen**                                          CASE NO

                                                                              CHAPTER   **13**

## <u>SCHEDULE A (REAL PROPERTY)</u>

| Description And Location Of Property | Nature Of Debtor's Interest In Property | Husband, Wife, Joint Or Community | Current Market Value Of Debtor's Interest In Property, Without Deducting Any Secured Claim Or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| None | | | | |
| | | | **Total:** | **$0.00** |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:  **Diane Thigpen**                                            CASE NO

                                                                          CHAPTER    **13**

## SCHEDULE B (PERSONAL PROPERTY)

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Market Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash | - | $30.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | LaSalle Bank | - | $50.00 |
| | | CTA South Federal Credit Union | - | $100.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | Security Deposit | - | $1,000.00 |
| 4. Household goods and furnishings including audio, video and computer equipment. | | Three rooms of furniture of various ages | - | $250.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Clothing | - | $130.00 |
| | | 1992 Plymouth Lazer | - | $250.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| | | | Total  > | $1,810.00 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Diane Thigpen**                                      CASE NO

CHAPTER   **13**

## SCHEDULE B (PERSONAL PROPERTY)

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Market Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| | | | Total  > | $1,810.00 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Diane Thigpen**                                    CASE NO

                                                          CHAPTER   **13**

## SCHEDULE B (PERSONAL PROPERTY)

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Market Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| | | | Total  > | $1,810.00 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Diane Thigpen**                                                CASE NO

                                                                          CHAPTER    **13**

## SCHEDULE B (PERSONAL PROPERTY)

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Market Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed.  Itemize. | X | | | |
| | | | Total  > | $1,810.00 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:  **Diane Thigpen**                                CASE NO

                                                        CHAPTER   **13**

## SCHEDULE C (PROPERTY CLAIMED AS EXEMPT)

Debtor elects the exemptions to which debtor is entitled under: (Check one box)

☐  11 U.S.C. Sec. 522(b)(1):  Exemptions provided in 11 U.S.C. Sec. 522(d). Note: These exemptions are available only in certain states.

☑  11 U.S.C. Sec. 522(b)(2):  Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's
                              domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer
                              portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety
                              or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemption |
|---|---|---|---|
| Cash | 735 ILCS 5/12-1001(b) | $30.00 | $30.00 |
| LaSalle Bank | 735 ILCS 5/12-1001(b) | $50.00 | $50.00 |
| CTA South Federal Credit Union | 735 ILCS 5/12-1001(b) | $100.00 | $100.00 |
| Security Deposit | 735 ILCS 5/12-1001(b) | $1,000.00 | $1,000.00 |
| Three rooms of furniture of various ages | 735 ILCS 5/12-1001(b) | $250.00 | $250.00 |
| Clothing | 735 ILCS 5/12-1001(a), ( e) | $130.00 | $130.00 |
| 1992 Plymouth Lazer | 735 ILCS 5/12-1001(a), ( e) | $250.00 | $250.00 |
| | | $1,810.00 | $1,810.00 |

IN RE:    **Diane Thigpen**

CASE NO _____
(If Known)

CHAPTER  **13**

## SCHEDULE D (CREDITORS HOLDING SECURED CLAIMS)

☑  Check this box if debtor has no creditors holding secured claims to report on Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

_____**No**_____continuation sheets attached

| | |
|---|---|
| Total for this Page (Subtotal) > | $0.00 | $0.00 |
| Running Total > | $0.00 | $0.00 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Diane Thigpen**

CASE NO

CHAPTER   **13**

# SCHEDULE E (CREDITORS HOLDING UNSECURED PRIORITY CLAIMS)

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on Schedule E.

## TYPES OF PRIORITY CLAIMS   (Check the appropriate box(es) if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**
*Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. Sec. 507(a)(2).*

☐ **Wages, salaries, and commissions**
*Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $4,925\* per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided by 11 U.S.C. Sec. 507(a)(3).*

☐ **Contributions to employee benefit plans**
*Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. Sec. 507(a)(4).*

☐ **Certain farmers and fishermen**
*Claims of certain farmers and fishermen, up to a maximum of $4,925\* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. Sec. 507(a)(5).*

☐ **Deposits by individuals**
*Claims of individuals up to a maximum of $2,225\* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. Sec. 507(a)(6).*

☐ **Alimony, Maintenance, or Support**
*Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. Sec. 507(a)(7).*

☐ **Taxes and certain other debts owed to governmental units**
*Taxes, customs duties, and penalties owing to federal, state, and local government units as set forth in 11 U.S.C. Sec. 507(a)(8).*

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
*Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. Sec. 507(a)(9).*

☑ **Administrative allowances under 11 U.S.C. Sec. 330**
*Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. Secs. 326, 328, 329 and 330.*

*\* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____**1**_____continuation sheets attached

IN RE:  **Diane Thigpen**

CASE NO _____
(If Known)

CHAPTER  **13**

## SCHEDULE E (CREDITORS HOLDING UNSECURED PRIORITY CLAIMS)

*Continuation Sheet No. 1*

| TYPE OF PRIORITY | Administrative allowances |
| --- | --- |

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| ACCT #:<br>**Robert J Adams & Associates**<br>**125 S Clark St Ste 1810**<br>**Chicago, IL 60603** | | - | DATE INCURRED:  **10/11/2005**<br>CONSIDERATION:<br>**Attorney Fees**<br>REMARKS: | | | | $2,200.00 | $2,200.00 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | Total for this Page (Subtotal) > | $2,200.00 | $2,200.00 |
| | | | | | | Running Total > | $2,200.00 | $2,200.00 |

IN RE:   **Diane Thigpen**

CASE NO _____
(If Known)

CHAPTER  **13**

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**10 Minute Payday Loan**<br>**408 N. Wells**<br>**Chicago, IL 60610** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Installment Loan**<br>REMARKS: | | | | $0.00 |
| ACCT #:<br>**AB Scissor**<br>**Dept. 4000**<br>**7850 Ruffner Ave**<br>**Van Nuys, CA 91406** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Other**<br>REMARKS: | | | | $295.00 |
| ACCT #:  **113101686191**<br>**AFNI**<br>**404 Brock Dr.**<br>**PO Box 3097**<br>**Bloomington, IL 61702-3097** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Z-Tel Communications**<br>REMARKS: | | | | $270.00 |
| ACCT #:<br>**America's Recovery Network**<br>**PO Box 120643**<br>**Covington, KY  41012-0643** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - K-Mart**<br>REMARKS: | | | | $75.00 |
| ACCT #:<br>**Arnold Scott Harris, P.C.**<br>**600 W. Jackson, Suite 710**<br>**Chicago, IL 60661** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Attorney for - City of Chicago Department of Reven**<br>REMARKS: | | | | $0.00 |
| ACCT #:<br>**Capital One**<br>**P.O.Box 25131**<br>**Richmond, VA 23276-0001** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | $925.00 |
| ACCT #:  **4121-7417-2414-5862**<br>**Capital One**<br>**PO Box 60000**<br>**Seattle, WA 98190** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | $710.00 |

_____**5**_____continuation sheets attached

| | |
|---|---|
| Total for this Page (Subtotal) > | $2,275.00 |
| Running Total > | $2,275.00 |

IN RE:   **Diane Thigpen**

CASE NO _____
(If Known)

CHAPTER   **13**

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 1*

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**City Of Chicago Dept. of Revenue**<br>**Bureau of Parking**<br>**333 S. State, Room 540**<br>**Chicago, IL 60604-3977**<br>**Attn: Bankruptcy Unit** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Parking Fines**<br>REMARKS: | | | | $600.00 |
| ACCT #:   **01-030000-87983000024374384-00**<br>**Comcast**<br>**PO Box 9037**<br>**Addison, TX 75001** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Other**<br>REMARKS: | | | | $730.00 |
| ACCT #:   **0031264016**<br>**Commonwealth Edison**<br>**Bill Payment Center**<br>**Chicago, IL 60668-0001** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Utility**<br>REMARKS: | | | | $455.00 |
| ACCT #:<br>**Consumer Portfolio Services**<br>**Asset Recovery Department**<br>**16355 Laguna Canyon Rd**<br>**Irvine, CA 92618** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Other**<br>REMARKS: | | | | $6,040.00 |
| ACCT #:   **01-030000-8798300024374384-00011**<br>**Credit Protection Assoc.**<br>**PO Box 9037**<br>**Addison, TX 75001** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Collection agency**<br>REMARKS: | | | | $730.00 |
| ACCT #:   **658840330**<br>**Credit Protection Assoc.**<br>**13355 Noel Rd.**<br>**Dallas, TX 75240** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - AT&T Broadband**<br>REMARKS: | | | | $240.00 |
| ACCT #:<br>**Educational Credit Management Corp.**<br>**101 E. Fifth St., #2400**<br>**St. Paul, MN 55101** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**student loan**<br>REMARKS: | | | | $10,885.00 |

Total for this Page (Subtotal) >   **$19,680.00**

Running Total >   **$21,955.00**

IN RE:   **Diane Thigpen**

CASE NO _____
(If Known)

CHAPTER  **13**

## <u>SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)</u>
*Continuation Sheet No. 2*

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  00M1128833<br>**Goldman & Grant**<br>**205 W. Randolp, Ste. 1100**<br>**Chicago, IL 60606** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Attorney for - Midland Finance Company**<br>REMARKS: | | | | $2,470.00 |
| ACCT #:  2956662N<br>**Harvard Collection Services, Inc.**<br>**4839 N. Elston Ave**<br>**Chicago, IL 60630-2534** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting For - HCS, Inc.**<br>REMARKS: | | | | $155.00 |
| ACCT #:  695770917<br>**HSN**<br>**P.O.Box 105981**<br>**Atlanta, GA 30353-5981** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | $285.00 |
| ACCT #:  4202110457<br>**IC System, Inc.**<br>**444 Highway 96 East**<br>**Saint Paul, MN 55164** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Continental Direct Services**<br>REMARKS: | | | | $115.00 |
| ACCT #:  264577<br>**Illinois Department of Human**<br>**Cash Management Unit**<br>**PO Box 19407**<br>**Springfield, IL 62794-9407** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Other**<br>REMARKS: | | | | $75.00 |
| ACCT #:<br>**LA Weight Loss Centers**<br>**747 Dresher Rd., Ste. 100**<br>**Horsham, PA 19044** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Other**<br>REMARKS: | | | | $470.00 |
| ACCT #:  D412648<br>**Linebarger, Goggan, Blair & Sampson**<br>**PO Box 06152**<br>**Chicago, IL 60606** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Attorney for - City of Chicago Dept. of Revenue**<br>REMARKS: | | | | $120.00 |

| | |
|---|---|
| Total for this Page (Subtotal) > | $3,690.00 |
| Running Total > | $25,645.00 |

IN RE:   **Diane Thigpen**

CASE NO _____
(If Known)

CHAPTER   **13**

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 3*

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  6884340<br>**Loan Servicing Enterprise**<br>P.O.Box 57071<br>Irvine, CA 92619 | | - | DATE INCURRED:<br>CONSIDERATION:<br>**deficiency**<br>REMARKS: | | | | $7,140.00 |
| ACCT #:  402117<br>**Municipal Collection Services**<br>P.O.Box 666<br>Lansing, IL 60438 | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Village of Riverdale**<br>REMARKS: | | | | $550.00 |
| ACCT #:  6369771<br>**Nationwide Credit, Inc.**<br>2015 Vaughn Rd., NW<br>#400<br>Kennesaw, GA 30144 | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Direct TV**<br>REMARKS: | | | | $255.00 |
| ACCT #:  4-03-72-0808-1<br>**Nicor**<br>PO Box 310<br>Aurora, IL 60507-0310 | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Utility**<br>REMARKS: | | | | $925.00 |
| ACCT #:  434760221021118<br>**Nicor**<br>PO Box 2020<br>Aurora, IL 60507 | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Utility**<br>REMARKS: | | | | $885.00 |
| ACCT #:  02 M1 113467<br>**Pekay & Blitstein**<br>77 W. Washington Ste. 719<br>Chicago, IL 60602 | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Attorney for - Melvin Kaplan**<br>REMARKS: | | | | $2,295.00 |
| ACCT #:  9 5000 1370 2442<br>**Peoples Energy**<br>130 E. Randolph Dr.<br>Chicago, IL 60687-6207 | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Utility**<br>REMARKS: | | | | $940.00 |

Total for this Page (Subtotal) >   **$12,990.00**

Running Total >   **$38,635.00**

IN RE:   **Diane Thigpen**

CASE NO _____
(If Known)

CHAPTER  **13**

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 4*

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  9500009282694<br>**Peoples Energy**<br>**130 E. Randolph Dr.**<br>**Chicago, IL 60687-6207** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Utility**<br>REMARKS: | | | | $65.00 |
| ACCT #:  9500013702442<br>**Peoples Energy**<br>**130 E. Randolph Dr.**<br>**Chicago, IL 60687-6207** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Utility**<br>REMARKS: | | | | $935.00 |
| ACCT #:<br>**Providian**<br>**PO Box 660763**<br>**Dallas, TX 75266** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | $590.00 |
| ACCT #:  65893061<br>**PRT**<br>**PO Box 805030**<br>**Chicago, IL 60680-4111** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting For - City of Chicago**<br>REMARKS: | | | | $185.00 |
| ACCT #:  483541, 437944<br>**RMI/MCSI**<br>**18241 West St.**<br>**Lansing, IL  60438** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Village of Riverdale**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  8790690134570<br>**Swiss Colony**<br>**1112 7th Ave.**<br>**Monroe, WI 53566** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Other**<br>REMARKS: | | | | $235.00 |
| ACCT #:<br>**Timothy K. Liou**<br>**555 W. Madison, Ste 361**<br>**Chicago, IL 60661** | | - | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $500.00 |
| | | | | | Total for this Page (Subtotal) > | | $2,510.00 |
| | | | | | Running Total > | | $41,145.00 |

IN RE:  **Diane Thigpen**

CASE NO _____
(If Known)

CHAPTER  **13**

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 5*

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **8798300030461357**<br>**Wexler & Wexler**<br>**500 W. Madison St., Suite 2910**<br>**Chicago, IL 60661** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting For - Comcast Cable Communications**<br>REMARKS: | | | | $660.00 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | Total for this Page (Subtotal) > | | $660.00 |
| | | | | | Running Total > | | $41,805.00 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Diane Thigpen**                                        CASE NO

                                                        CHAPTER   **13**

## SCHEDULE G (EXECUTORY CONTRACTS AND UNEXPIRED LEASES)

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
| --- | --- |
| | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Diane Thigpen**                                      CASE NO

                                                               CHAPTER   **13**

## SCHEDULE H (CODEBTORS)

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:  **Diane Thigpen**                              CASE NO

                                                       CHAPTER   **13**

## SCHEDULE I (CURRENT INCOME OF INDIVIDUAL DEBTOR(S))

| Debtor's Marital Status | Dependents of Debtor and Spouse (Names, Ages and Relationships) | | | | | |
|---|---|---|---|---|---|---|
| | Name | Age | Relationship | Name | Age | Relationship |
| **Single** | | | | | | |

| Employment | Debtor | Spouse |
|---|---|---|
| Occupation | Driver | |
| Name of Employer | CTA | |
| How Long Employed | 6 years | |
| Address of Employer | Merchandise Mart Plaza PO Box 3555 Chicago, IL 60654 | |

| Income:  (Estimate of average monthly income) | *DEBTOR* | *SPOUSE* |
|---|---|---|
| Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $4,083.26 | |
| Estimated monthly overtime | $0.00 | |
| ***SUBTOTAL*** | **$4,083.26** | |
| LESS PAYROLL DEDUCTIONS | | |
|    A. Payroll taxes (includes social security tax if B. is zero) | $674.85 | |
|    B. Social Security Tax | $257.16 | |
|    C. Medicare | $60.15 | |
|    D. Insurance | $69.96 | |
|    E. Union dues | $45.50 | |
|    F. Retirement _Mandatory_ | $126.53 | |
|    G. Other (specify) | $0.00 | |
|    H. Other (specify) | $0.00 | |
|    I. Other (specify) | $0.00 | |
|    J. Other (specify) | $0.00 | |
|    K. Other (specify) | $0.00 | |
|    *SUBTOTAL OF PAYROLL DEDUCTIONS* | **$1,234.15** | |
| ***TOTAL NET MONTHLY TAKE HOME PAY*** | **$2,849.11** | |
| Regular income from operation of business or profession or farm (attach detailed stmt) | $0.00 | |
| Income from real property | $0.00 | |
| Interest and dividends | $0.00 | |
| Alimony, maintenance or support payments payable to debtor for the debtor's use or    that of the dependents listed above | $0.00 | |
| Social Security or other government assistance (specify) | $0.00 | |
| Pension or retirement income | $0.00 | |
| Other monthly income (specify below) | | |
|    1. | $0.00 | |
|    2. | $0.00 | |
|    3. | $0.00 | |
| ***TOTAL MONTHLY INCOME*** | **$2,849.11** | |

## TOTAL COMBINED MONTHLY INCOME  $2,849.11          (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Diane Thigpen**                                     CASE NO

                                                              CHAPTER   **13**

## SCHEDULE J (CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S))

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  If box is checked, complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| Rent or home mortgage payment (include lot rental for mobile home) | $1,000.00 |
| Are real estate taxes included?   ☐ Yes   ☑ No | |
| Is property insurance included?   ☐ Yes   ☑ No | |
| **Utilities:**  Electricity and heating fuel | $265.00 |
| Water and sewer | |
| Telephone | $90.00 |
| Other:  cell phones | $80.00 |
| Home maintenance (repairs and upkeep) | |
| Food | $375.00 |
| Clothing | $130.00 |
| Laundry and dry cleaning | $75.00 |
| Medical and dental expenses (not covered by insurance) | $75.00 |
| Transportation (not including car payments) | $260.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $80.00 |
| Charitable contributions | |
| **Insurance**  (not deducted from wages or included in home mortgage payments) | |
| Homeowner's or renter's | |
| Life | |
| Health | |
| Auto | $54.00 |
| Other: | |
| Taxes (not deducted from wages or included in home mortgage payments) | |
| Specify: | |
| **Installment payments:**  (In Chapter 12 and 13 cases, do not list payments included in the plan) | |
| Auto: | |
| Other: | |
| Other: | |
| Other: | |
| Alimony, maintenance, and support paid to others: | |
| Payments for support of add'l dependents not living at debtor's home: | |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| Other:   See attached personal expenses | $70.00 |
| Other: | |
| **TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules) | **$2,554.00** |

| | |
|---|---:|
| [FOR CHAPTER 12 AND 13 DEBTORS ONLY] | |
| Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval. | |
| A. Total projected monthly income | $2,849.11 |
| B. Total projected monthly expenses (including separate spouse budget if applicable) | $2,554.00 |
| C. Excess income (A minus B) | $295.11 |
| D. Total amount to be paid into plan each   ***Bi-Weekly***   (interval) | $136.15 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Diane Thigpen**                                         CASE NO

                                                                  CHAPTER    **13**

## EXHIBIT TO SCHEDULE J

### Itemized Personal Expenses

| Expense | Amount |
|---|---:|
| Hair Cuts & Grooming | $40.00 |
| Postage & Mailing | $10.00 |
| Reading Material | $20.00 |
| **Total >** | $70.00 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Diane Thigpen**                                        CASE NO

                                                                 CHAPTER   **13**

## SUMMARY OF SCHEDULES

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $0.00 | | |
| B - Personal Property | Yes | 4 | $1,810.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $0.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 2 | | $2,200.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 6 | | $41,805.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $2,849.11 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | $2,554.00 |
| Total Number of Sheets of ALL Schedules > | | 20 | | | |
| Total Assets > | | | $1,810.00 | | |
| Total Liabilities > | | | | $44,005.00 | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:  **Diane Thigpen**                                                      CASE NO

                                                                              CHAPTER    **13**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of            **21**

sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **10/12/2005**                                    Signature  **/s/ Diane Thigpen**
                                                                   *Diane Thigpen*

Date _____          Signature _____

                                                   [If joint case, both spouses must sign.]

---

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Diane Thigpen**                                      CASE NO

                                                                CHAPTER   **13**

# STATEMENT OF FINANCIAL AFFAIRS

None
☐

## 1. Income from employment or operation of business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) |
|---|---|
| $28,000.00 | 2005 |
| $46,000.00 | 2004 |
| $56,000.00 | 2003 |

None
☑

## 2. Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

## 3. Payments to creditors

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

b.  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☐

## 4. Suits and administrative proceedings, executions, garnishments and attachments

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Mel Kaplan v. Diane Thigpen | collections suit | Chicago | pending, presently garnishing checks |

None
☑

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

## 5. Repossessions, foreclosures and returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)**

IN RE:  **Diane Thigpen**

CASE NO

CHAPTER   **13**

# STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 1*

---

None ☑

### 6. Assignments and receiverships

a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

### 7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

### 8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☐

### 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Robert J. Adams & Associates 125 S. Clark, Suite 1810 Chicago, Illinois 60603** | | **$0.00** |

---

None ☑

### 10. Other transfers

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

### 11. Closed financial accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Diane Thigpen**                                                    CASE NO

                                                                              CHAPTER   **13**

# <u>STATEMENT OF FINANCIAL AFFAIRS</u>

*Continuation Sheet No. 2*

---

**12. Safe deposit boxes**

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**13. Setoffs**

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**14. Property held for another person**

None
☑

List all property owned by another person that the debtor holds or controls.

---

**15. Prior address of debtor**

None
☑

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

---

**16. Spouses and Former Spouses**

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None
☑

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None
☑

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Diane Thigpen**                                      CASE NO

                                                               CHAPTER   **13**

# STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 3*

---

None
☑        c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the
         debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

---

### 18. Nature, location and name of business

None
☑        a.  If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole
proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the
debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six
years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six
years immediately preceding the commencement of this case.

---

None
☑        b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. Section 101.

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been,
within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or
owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole
proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above,
within the six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years
should go directly to the signature page.)*

### 19. Books, records and financial statements

None
☑        a.  List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or
supervised the keeping of books of account and records of the debtor.

---

None
☑        b.  List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of
account and records, or prepared a financial statement of the debtor.

---

None
☑        c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of
the debtor.  If any of the books of account and records are not available, explain.

---

None
☑        d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was
issued within the two years immediately preceding the commencement of this case by the debtor.

---

### 20. Inventories

None
☑        a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory,
and the dollar amount and basis of each inventory.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Diane Thigpen**                                                              CASE NO

CHAPTER   **13**

# STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 4*

---

None

☑           b.  List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

---

### 21. Current Partners, Officers, Directors and Shareholders

None

☑           a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

---

None

☑           b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

---

### 22. Former partners, officers, directors and shareholders

None

☑           a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

---

None

☑           b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

---

### 23. Withdrawals from a partnership or distributions by a corporation

None

☑           If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

---

### 24. Tax Consolidation Group

None

☑           If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

---

### 25. Pension Funds

None

☑           If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)**

IN RE:  **Diane Thigpen**                                    CASE NO

                                                            CHAPTER   **13**

## <u>STATEMENT OF FINANCIAL AFFAIRS</u>

*Continuation Sheet No. 5*

### *DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto, consisting of _____**6**_____ sheets, and that they are true and correct.

Date **10/12/2005**                          Signature   **/s/ Diane Thigpen**
                                             of Debtor   ***Diane Thigpen***

Date **10/12/2005**                          Signature _____
                                             of Joint Debtor
                                             (if any)

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. Sections 152 and 3571*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Diane Thigpen**                                              CASE NO

                                                                        CHAPTER   **13**

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR(S)

*The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition.  The bankruptcy law is complicated and not easily described.  Therefore, you should seek the advice of an attorney to learn your rights and responsibilities under the law should you decide to file a petition with the court.  Court employees are prohibited from giving you legal advice.*

## Chapter 7: Liquidation   ($209.00 filing fee)

1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2.  In a Chapter 7 case, a trustee secures for the bankruptcy estate all your assets which the trustee may obtain under the applicable provisions of the Bankruptcy Code.  You may claim certain of your property exempt under governing law.  The trustee may then liquidate the non-exempt property as necessary and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3.  The purpose of filing a Chapter 7 case is to obtain a discharge of your existing debts.  If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a discharge, there are some debts that are not discharged under the law.  Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5.  Under certain circumstances you may keep property that you have purchased subject to a valid security interest.  Your attorney can explain the options that are available to you.

## Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income   ($194.00 filing fee)

1.  Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time.  You are only eligible for Chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.  Under Chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings.  Usually, the period of time allowed by the court to repay your debts is three years, but no more than five years.  Your plan must be approved by the court before it can take effect.

3.  Under Chapter 13, unlike Chapter 7, you may keep all of your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4.  After completion of payments under your plan your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long-term secured obligations.

## Chapter 11: Reorganization   ($839.00 filing fee)

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors.  Its provisions are quite complicated, and any decision by an individual to file a Chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family Farmer   ($239.00 filing fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to Chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm.

### ACKNOWLEDGEMENT

I hereby certify that I have read this notice on this  12th                day of  October                                          ,   2005  .

 **/s/ Diane Thigpen**
*Diane Thigpen*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:  **Diane Thigpen**                                    CASE NO

                                                            CHAPTER    **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept: | **$2,200.00** |
| Prior to the filing of this statement I have received: | **$0.00** |
| Balance Due: | **$2,200.00** |

2. The source of the compensation paid to me was:
   ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:
   ☑ Debtor          ☐ Other (specify)

4. ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐  I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_____10/12/2005_____                    /s/ Robert J. Adams
        *Date*                          *Robert J. Adams*                    Bar No.  0013056
                                        Robert J. Adams & Associates
                                        125 S. Clark, Suite 1810
                                        Chicago, Illinois 60603
                                        Phone: (312) 346-0100 / Fax: (312) 346-6228